1

Doncella Kay MARQUESS;
Tausha Tyrene Marquess;
and Doncella Kay Marquess, as Guardian Ad Litem for
Rhonda Lynn Marquess, a Minor Child,
*Appellants,*

*v.*

FIRST INTERSTATE BANK
OF OREGON, N.A.,
*Respondent.*

(16-89-04267; CA A68785)

840 P2d 718

Jeffrey E. Potter, Eugene, argued the cause for appellants. With him on the briefs were Herb Lombard and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Thomas H. Hoyt, Eugene, argued the cause for respondent. With him on the brief were Jeri-anne Cohen and Hoyt & Associates, P.C., Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs, beneficiaries of a testamentary trust, appeal from a judgment in favor of defendant trustee in this action for breach of fiduciary duty. Plaintiffs claim that defendant breached that duty when it failed to collect the fair market rental for real property held in trust, when it failed to test the market before selling the property to a co-owner and by releasing all claims for back rent when it sold the property to the co-owner.[1] The question is whether the trial court erred as a matter of law in dismissing plaintiffs' claims at the close of plaintiffs' case because they had failed to produce an expert witness to establish the standard of care applicable to defendant under the circumstances.

Mark and Ken Marquess, equal shareholders in EMK Contractors; Inc. (EMK), owned real property as tenants in common. They leased the property to EMK for $1,000 per month. The original 5-year lease expired on September 30, 1983, but the lease granted EMK an option to renew for an additional 5 years. Rental for the renewal term was to be determined by mutual agreement or by arbitration, if no agreement could be reached. The lease also provided that any holding over after the expiration of the original term or any other termination of the lease would be a tenancy from month-to-month.

Mark died on September 1, 1979. Pursuant to a stock purchase agreement, EMK redeemed Mark's stock, after which Ken became the sole shareholder of EMK. Plaintiffs, Mark's widow and daughters, are beneficiaries of the marital and family trusts established by Mark's will; defendant is the trustee. Mark's undivided one-half interest in the property was allocated to the marital trust, of which his widow is the sole income beneficiary during her life. According to the will, the income beneficiaries are entitled to preference.

At the end of the first 5-year term, EMK did not exercise its option to renew, but remained as a holdover tenant and continued to pay $1,000 per month. In September, 1983, defendant and Ken began discussions concerning an

---

[1] Those claims were asserted in plaintiffs' first and second claims for relief. A third claim for relief was dismissed without prejudice and is not involved in this appeal.

increase in the amount of rent paid by EMK or a sale of the trust's undivided one half interest in the property to Ken or to EMK. In 1986, Ken sold his interest in the property to EMK, and defendant sold the trust's undivided one-half interest in the property to EMK in March, 1989.

Plaintiffs presented evidence to support each claim alleged in the first two claims for relief. After plaintiffs rested, defendant moved to dismiss, contending that plaintiffs had failed to establish the applicable standard of care, because they had not called an expert to testify that another corporate trustee would have acted differently under similar circumstances.

The court granted the motion, holding that plaintiffs'

"burden of proof must include evidence that another corporate trustee would have acted differently under similar circumstances and that the standard of care set forth in ORS 128.057(1) alone is not sufficient to meet that burden of proof."

The only question on appeal is whether expert testimony from another corporate trustee was necessary to establish a *prima facie* case of breach of trust. We hold that it was not and reverse.

■■ ORS 128.057(1) establishes the standard of care for trustees and fiduciaries generally:

"In acquiring, investing, reinvesting, exchanging, retaining, selling and managing property for the benefit of another, a fiduciary shall exercise the judgment and care under the circumstances then prevailing, which persons of prudence, discretion and intelligence exercise in the management of their own affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital."

We have held that, in the absence of different specific instructions in the trust document, the statutory standard applies to corporate, as well as to non-corporate, trustees. *Jarrett v. U.S. National Bank*, 81 Or App 242, 725 P2d 384 (1986), *rev den* 302 Or 476 (1987).

The legislature has created the applicable standard of care for all trustees; therefore, expert testimony is not necessary to establish a standard. It might be that, under all of the circumstances, defendant's performance measured up to the standard. However, the trial court did not reach that question, because it ruled that plaintiffs could not make out a *prima facie* case without an expert witness. That was error as a matter of law.

Reversed and remanded.